Barrett Daffin Frappier Turner & Engel, L.L.P.  
15000 Surveyor Boulevard, Suite 7000  
Addison, Texas 75001  
Main: (972) 386-5040  
Facsimile: (972) 341-0502  
E-mail: txsdauto@bdfgroup.com

BDFTE #4092334  
#20110015006210

ATTORNEYS FOR WELLS FARGO BANK, NA SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, NA F/K/A WACHOVIA MORTGAGE FSB F/K/A WORLD SAVINGS BANK, FSB ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 13-37608-H3-11 |
| | § | |
| SAMSHI HOMES LLC, | § | CHAPTER 11 |
| DEBTOR, | § | |
| | § | |
| | § | |
| WELLS FARGO BANK, NA | § | |
| SUCCESSOR BY MERGER TO WELLS | § | A hearing on the Motion to Terminate |
| FARGO BANK SOUTHWEST, NA | § | the Automatic Stay set for: |
| F/K/A WACHOVIA MORTGAGE FSB | § | February 26, 2014, at 10:00 a.m. |
| F/K/A WORLD SAVINGS BANK, FSB | § | |
| ITS ASSIGNS AND/OR SUCCESSORS | § | |
| IN INTEREST, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| SAMSHI HOMES LLC, Debtor; | § | |
| RESPONDENT, | § | JUDGE LETITIA Z. PAUL |

**MOTION OF WELLS FARGO BANK, NA SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, NA F/K/A WACHOVIA MORTGAGE FSB F/K/A WORLD SAVINGS BANK, FSB ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST TO TERMINATE THE AUTOMATIC STAY OF 11 U.S.C. §362(a)**

### NOTICE

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A

**RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON FEBRUARY 26, 2014 AT 10:00 A.M. 515 RUSK AVENUE, COURTROOM 401, HOUSTON, TEXAS 77002.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE OF SAID COURT:

COMES NOW, WELLS FARGO BANK, NA SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, NA F/K/A WACHOVIA MORTGAGE FSB F/K/A WORLD SAVINGS BANK, FSB ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST (hereinafter "Movant"), the owner of Real Property held by SAMSHI HOMES LLC (hereinafter "Debtor") , and files this Motion to Terminate the Automatic Stay of 11 U.S.C. §362(a) (hereinafter "Motion"), and in support thereof would respectfully show the Court the following:

1. **Movant hereby seeks to be exempted from the requirement to file this Motion on the form promulgated by the Court due to the exceptional circumstances of this case: This Motion for Relief seeks relief from stay in order to continue the eviction process on real property that was foreclosed upon prior to the Debtor filing for an Order of Relief.**

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and 157 and 11 U.S.C. §362(a). This is a core proceeding.

3. On December 6, 2013, Debtor filed this petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C., and an Order for Relief was entered.

4. On or about May 28, 2008, Thao Phuong Thi Dinh (hereinafter "Borrower") executed a Note and Deed of Trust in the original amount of TWO HUNDRED THIRTY SEVEN THOUSAND DOLLARS ($237,000.00) with interest thereon, granting a lien and security interest to Wachovia Mortgage, FSB which was later transferred to Movant on real estate with all improvements described as follows:

> LOT SEVENTY-FOUR (74), IN BLOCK TWO (2), OF LAKE SHORE HARBOUR, SECTION THREE (3), AN ADDITION IN FORT BEND COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN PLAT NO. 20060040 OF THE MAP/PLAT RECORDS OF FORT BEND COUNTY, TEXAS.
> Commonly known as 4027 Tuscan Shores Drive, Missouri City, Texas 77459.

(hereinafter, the "Property"). A copy of the Note and Deed of Trust are attached as Exhibit "A" and incorporated herein by reference.

5. Prior to the filing of this bankruptcy petition, Borrower was in default according to the terms and conditions of the Note and Deed of Trust. According to the books and records of Movant, Borrower was seriously delinquent on the obligation with respect to the above described Property. Borrower **was contractually due for the July 1, 2011 payment** and all subsequent payments. **As of January 3, 2012 the approximate outstanding balance owed to Movant was $264,974.02.**

6. In accordance with the Deed of Trust and state law, Movant sent to Borrower a Notice of Default on September 22, 2011 via certified mail. A re-print the Notice of Default is attached as Exhibit "B" and incorporated herein by reference. Movant provided Borrower thirty (30) days to cure the loan default of $9,130.36. Borrower failed to cure the default.

7. In accordance with the Deed of Trust and state law, Movant mailed to Borrower a Notice of Acceleration of the Debt together with a Notice of Substitute Trustee's Sale on November 18, 2011. **The Property was posted for the January 3, 2012, foreclosure sale.** A copy of the Notice of Acceleration of the Debt and the Notice of Substitute Trustee's Sale are attached as Exhibit "C" and incorporated herein by reference.

8. **Movant proceeded with the foreclosure sale and the Property was sold to Movant on January 3, 2012. A Substitute Trustee's Deed was recorded in the Fort Bend County Property Records on January 10, 2012, providing notice of the completed sale of the Property to Movant.** A copy of the Recorded Substitute Trustee's Deed is attached as Exhibit "D" and incorporated herein by reference.

9. On January 24, 2012, **Movant sent to Debtor and all occupants of the Property Notice to Vacate the Premises.** Copies of the Notice to Vacate are attached as Exhibit "E" and incorporated herein by reference.

10. On February 14, 2012, Counsel for Vinay Karna and Mridula Karna (hereinafter "Tenants") contacted Movant and provided a copy of a lease agreement with Borrower regarding the Property. A copy of the correspondence and lease agreement are attached hereto as Exhibit "F" and incorporated herein by reference. Tenants alleged that they were entitled to possession of the Property until December 31, 2012. Movant took the position that the lease was terminated upon completion of the foreclosure sale and initiated an eviction action as to the Property.

11. On August 14, 2012, Movant commenced an eviction action to obtain possession of the Property by filing an Original Petition for Forcible Detainer in the Justice of the

Peace Court Precinct No. 2 Place 1 Fort Bend County, Texas case number 12-JEV21-13238. A jury trial was held September 5, 2012 and a Judgment was entered awarding possession of the Property to Tenants. A copy of the Docket and Judgment is attached as Exhibit "G" and incorporated herein by reference. In light of the Judgment, Movant decided to honor the lease agreement and halted its eviction activity until the lease expired.

12. On February 14, 2013, **Movant sent to Debtor, Tenants and all occupants of the Property Notice to Vacate the Premises.** Copies of the Notice to Vacate are attached as Exhibit "H" and incorporated herein by reference.

13. On February 28, 2013, Movant commenced a 2nd eviction action to obtain possession of the Property by filing an Original Petition for Forcible Detainer in the Justice of the Peace Court Precinct No. 2 Place 1 Fort Bend County, Texas case number 13-JEV21-14448. On March 20, 2013, the Court entered an Agreed Judgment awarding possession the Property to Tenants. A copy of the Docket and Agreed Judgment are attached as Exhibit "I" and incorporated herein by reference. Movant appealed the Judgment.

14. On April 26, 2013, Movant's appeal was docketed in the County Court at Law No. 2, Fort Bend County, case number 13-CCV-050578. A copy of the Docket is attached as Exhibit "J" and incorporated herein by reference. Motions for Summary Judgment were set for hearing on December 10, 2013 and December 17, 2013.

15. **Thereafter, Debtor filed the instant bankruptcy case on December 6, 2013 to stall the pending hearings in the eviction appeal and further delay completion of**

**the eviction process.** The eviction appeal is still pending but currently on hold due to the bankruptcy filing.

16. But for the automatic stay, Movant could and would move forward to complete the eviction litigation and obtain possession of the Property.

17. **Debtor's filing of this bankruptcy has acted to hinder and delay Movant's ability to exercise its rights in the Property.** Debtor and Tenants continues to reside in and enjoy the benefits of the Property causing continuing loss and harm to Movant.

18. **Debtor is a tenant at sufferance on the Property. Debtor owes to Movant recoverable monthly rents for occupancy of the Property since July 1, 2011.** Due to the completed foreclosure sale, Debtor has no legal ownership interest in the Property, yet continues to reside on said Property as a tenant at sufferance pursuant to the Deed of Trust instrument attached as an exhibit hereto which states, in part, as follows:

    "...If the Property is sold pursuant to this paragraph 18..., Borrower or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession...."

19. Based upon the foregoing, Movant requests the Court enter an order Terminating the automatic stay of §362(a) allowing Movant to proceed with its rights as to the Property and complete the litigation currently pending in Fort Bend County Court.

20. Based upon the foregoing, Movant argues that the filing of the instant bankruptcy case is another step in a scheme to delay, hinder and defraud Movant. Based upon the

foregoing, Movant requests under 11 U.S.C. §362(d)(4) and §105 that the Court enter an order providing in rem relief to any future bankruptcy case filed by Debtor, Tenants or anyone in privity to either Debtor or Tenants.

21. Based upon the foregoing, Movant further requests that the provision of Bankruptcy Rule 4001(a)(3) be waived and any order terminating the automatic stay should be effective immediately.

WHEREFORE, PREMISES CONSIDERED, Movant prays that this Court enter and Order, after notice and hearing:

a. Terminating the automatic stay of §362(a) as to Movant;

b. Providing Movant with in rem relief as to the Property in any future bankruptcy case filed by Debtor, Tenants or anyone in privity to Debtor or Tenants and

c. Such other and further relief at law or in equity as Movant may show itself justly entitled.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.**

BY: /s/ Shawn Carter          01/27/14
SHAWN CARTER
TBA NO. 24031802
SD ID NO. 30018
15000 Surveyor Blvd., Suite 1600
Addison, Texas 75001
Telephone: (972) 386-5040
Facsimile: (972) 341-0502
Email: txsdauto@bdfgroup.com
ATTORNEY FOR MOVANT

## **CERTIFICATE OF CONFERENCE**

I, the undersigned, hereby certify that prior to the filing of this Motion, I did the following:

1. Conferred with Debtor's Counsel pursuant to the District Court Local Rule 7.1 (a) and S.D. TX Local Bankruptcy Rule 9014.1 (c)(1) and

2. Debtor's Counsel's response:

    _____ Debtor does not oppose Movant's Motion; or

    __X__ My office made a good faith effort to negotiate a settlement of the dispute with the Debtor's Counsel or Pro Se Debtor but was unable to settle same; or

    _____ Although I left a message for Debtor's Counsel or Pro Se Debtor to call me regarding the Motion, Debtor's Counsel or Pro Se Debtor has not returned my call by the second business day after such contact.

NOTES:

On December 23, 2013 at 11:28 AM Shawn Carter contacted the Debtor Attorney and the motion is opposed.

/s/Shawn Carter             1/27/14
SHAWN CARTER

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion of WELLS FARGO BANK, NA SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, NA F/K/A WACHOVIA MORTGAGE FSB F/K/A WORLD SAVINGS BANK, FSB ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, to Terminate the Automatic Stay of 11 U.S.C. §362(a) was electronically filed on January 27, 2014, and served on the same day electronically or by First Class U.S. Mail, postage paid, in accordance with the Bankruptcy Rules to the following:

**ELECTRONICALLY OR BY REGULAR FIRST CLASS U.S. MAIL, POSTAGE PREPAID TO:**

Debtor:
Samshi Homes LLC
4027 Tuscan Shore Drive
Missouri City, Texas 77459

Debtor Attorney:
Jack Nicholas Fuerst
8955 Katy Freeway
Suite 205
Houston, Texas 77024

Borrower:
Thao Phuong Thi Dinh
4027 Tuscan Shore Drive
Missouri City, Texas 77459

21519 Cozy Hollow LN
Richmond, TX 77469

Tenants:
Vinay Karna
Mridula Karna
4027 Tuscan Shore Drive
Missouri City, Texas 77459

Counsel for Tenants:
Mark Williams
4544 Post Oak Place, Suite 350
Houston, TX 77027

U.S. Trustee:
Ellen Maresh Hickman
Office of the US Trustee
515 Rusk Avenue
Suite 3516
Houston, Texas 77002

/s/ Shawn Carter    1/27/14
SHAWN CARTER