

ENTERED
03/11/2014

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
                                    )
IN RE                               )
                                    )
SAMSHI HOMES, LLC,                  )   CASE NO. 13-37608-H3-11
                                    )
        Debtor,                     )
                                    )
```

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion of Wells Fargo Bank, NA Successor by Merger to Wells Fargo Bank Southwest, NA f/k/a Wachovia Mortgage FSB f/k/a World Savings Bank, FSB its Assigns And/or Successors in Interest To Terminate the Automatic Stay of 11 U.S.C. §362(a)" (Docket No. 6). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Samshi Homes, LLC ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on December 6, 2013.

During 2008, Debtor's principal, Vinay Karna, entered into a lease of a home located at 4027 Tuscan Shores Drive, Missouri City, Texas, from Thao Phuong Thi Dinh.

Karna testified that he maintains an office for Debtor in the home. Debtor is not a party to the lease.

On January 3, 2012, Wells Fargo Bank, N.A. ("Wells Fargo") conducted a foreclosure sale of Dinh's interest in the property. Wells Fargo was the purchaser at the foreclosure sale.

On February 28, 2013, Wells Fargo filed a forcible detainer action in the Justice of the Peace Court, Precinct No. 2, Place 1 ("JP Court"), of Fort Bend County, Texas.

On March 20, 2013, the JP Court entered an Agreed Judgment awarding possession of the Property to Karna and his wife, Mridula Karna. Wells Fargo appealed the judgment of the JP Court. The appeal remains pending, in the County Court at Law No. 2 of Fort Bend County, Texas.

In the instant motion, Wells Fargo seeks relief from stay for cause, in order to continue the litigation pending in the County Court at Law.

Debtor opposes the instant motion, arguing that the Protecting Tenants in Foreclosure Act precludes the relief sought by Wells Fargo in the state court, and that the foreclosure of Dinh's interest in the property was wrongful.

Debtor made no offer of adequate protection of Wells Fargo's interest in the property.

Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>>
>>> (A) the debtor does not have an equity in such property; and
>>>
>>> (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>
>> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be

determined on a case by case basis based on an examination of the totality of circumstances.  <u>In re Reitnauer</u>, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); <u>In re Mendoza</u>, 111 F.3d 1264 (5th Cir. 1997).

In determining whether to lift the automatic stay to allow litigation against a debtor to proceed outside this court, the court considers whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, and whether the creditor has a probability of prevailing on the merits of the case.  <u>In re Namazi</u>, 106 B.R. 93 (Bankr. E.D. Va. 1989).

In the instant case, Debtor has made no offer of adequate protection.  There has been no showing of prejudice to Debtor or the bankruptcy estate in allowing the litigation to proceed.  There has been no showing of particular hardship to Wells Fargo or to Debtor in allowing the litigation to proceed.  The state court is best situated to resolve the merits of the underlying appeal.  The court concludes, based on the totality of circumstances, that the stay should be lifted, for cause.

Based on the foregoing, a separate Judgment will be entered granting the "Motion of Wells Fargo Bank, NA Successor by Merger to Wells Fargo Bank Southwest, NA f/k/a Wachovia Mortgage FSB f/k/a World Savings Bank, FSB its Assigns And/or Successors in Interest To Terminate the Automatic Stay of 11 U.S.C. §362(a)"

(Docket No. 6).

Signed at Houston, Texas on March 11, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE